UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL LOFTIN, et al.                              CIVIL ACTION

VERSUS                                             NO. 14-1608

JAMES ANTHONY HUGHES, et al.                       SECTION: "G"(5)

ORDER AND REASONS

This litigation arises out of Plaintiffs Samuel Loftin and Erica Butler's (collectively "Plaintiffs") claims for damages following an alleged automobile accident while traveling southbound on I-55 in Kentwood, Louisiana. Plaintiffs also bring claims on behalf of Erica Butler's children, Sheryl Butler and Chase Manuel, who were passengers in the car when the alleged accident occurred. Plaintiffs originally filed this action in state court, but Defendants James Anthony Hughes, EKH Transportation, LLC, and Nova Casualty Company[1] (collectively "Defendants") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Upon review of this matter, it appears that the Court does not have subject matter jurisdiction over this case.

Even if Plaintiffs do not file a motion to remand, the Court must address the jurisdiction issue *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[3] "[S]ubject matter delineations must be policed by the courts on their own initiative."[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district

---

[1] Plaintiffs improperly named defendant Nova Casualty Company as "Nova Casualty Insurance Company" when filing their Petition in state court.

[2] Rec. Doc. 1.

[3] *Simon v . Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[4] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

court lacks subject matter jurisdiction."[5]

## I. Background

### A.    Factual Background

Plaintiffs allege that on or about February 23, 2014, Erica Butler was the driver of a 2006 Dodge Stratus.[6] Her boyfriend, Samuel Loftin, and her two children, Sheryl Butler and Chase Manuel, were passengers.[7] According to the Petition, Plaintiffs were traveling southbound on I-55 in Kentwood, Louisiana when a 2005 Freightline Tractor owned by Defendant EKH Transportation, LLC and driven by Defendant James Anthony Hughes veered into the right lane and struck Plaintiffs' vehicle.[8] As a result of the accident, all Plaintiffs allege that they suffered injuries.[9]

### B.    Procedural Background

On March 10, 2014, Plaintiffs filed suit in Louisiana state court asserting negligence claims against Defendant James Anthony Hughes.[10] Additionally, Plaintiffs allege that Defendant EKH Transportation, LLC is liable under *respondeat superior*.[11] Plaintiffs further assert that "at all pertinent times [the] vehicle driven by defendant James Anthony Hughes, owned by EKH Transportation, LLC, was insured by defendant, Nova Casualty Insurance Company."[12]

---

[5]   28 U.S.C. § 1447(c).

[6]  Rec. Doc. 1-2 at pp. 5–6.

[7] *Id.*

[8] *Id.* at p. 6.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at p. 7.

In their Petition, Plaintiffs claim damages for property damage to the 2006 Dodge Stratus as well as past, present and future: medical expenses; physical pain and suffering and bodily injury; loss of income; loss of enjoyment of life; permanent injury and disability; diminution of income earning capacity; loss of society; and mental anguish.[13]

On July 11, 2014, all three Defendants removed the suit to federal court on the basis of diversity jurisdiction.[14] In the Notice of Removal, Defendants note that the Petition does not set forth the amount in controversy.[15] Defendants explain that Plaintiffs Erica Butler, Samuel Loftin and Sheryl Butler are currently treating with orthopedic doctors for injuries allegedly related to the accident, and thus far have incurred medical expenses of $6,691.63, $5,919.14, and $1,235.62 respectively.[16] The record does not indicate that Chase Manuel is treating with any doctors, but it does provide that he was taken to the emergency room after the accident and incurred a medical expense of $1,455.63 for a "well-child exam."[17] Further, Defendants assert that Plaintiffs were unwilling to stipulate that their damages do not exceed $75,000.[18]

## II. Law and Analysis

### A.    Removal

A defendant may generally remove a civil action filed in state court if the federal court has

---

[13] *Id.*

[14] Rec. Doc. 1.

[15] *Id.*

[16] Rec. Doc. 1-2 at p. 1.

[17] Rec. Doc. 1 at p. 6.

[18] *Id.* at p. 3.

original jurisdiction over the action.[19] The removing party bears the burden of demonstrating that federal jurisdiction exists.[20] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[21] If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal and remand the case.[22]

## B.    Amount in Controversy

Under Fifth Circuit caselaw, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[23] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[24] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[25] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[26]

---

[19] *See* 28 U.S.C. § 1441(a).

[20] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[21] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[22] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 868, 872 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[I]t is axiomatic that ambiguities are generally construed against removal. . . .").

[23] *See Allen*, 63 F.3d at 1335.

[24] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[25] *Id.*

[26] *Id.*

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[27] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[28] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[29] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[30] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[31] Importantly, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[32]

The general rule is that in order to satisfy diversity of citizenship jurisdiction, each plaintiff

---

[27] *See* La. Code Civ. P. art. 893.

[28] *Id.*

[29] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[30] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[31] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[32] *Allen*, 63 F.3d at 1335.

must allege damages that meet the dollar requirement of 28 U.S.C. § 1332.[33] The Fifth Circuit has explained that when multiple plaintiffs are injured in the same automobile accident, they cannot aggregate their claims to reach the jurisdictional amount in controversy.[34] Additionally, the Fifth Circuit has held that when a parent sues on their own behalf and on behalf of their minor child, the claims of the parent and of the child must each satisfy the jurisdictional amount.[35] Thus, in order for Defendants to remove the above-captioned matter to this Court, they must prove by a preponderance of the evidence that Plaintiffs Samuel Loftin, Erica Butler, Sheryl Butler, and Chase Morgan each present claims over the $75,000 jurisdictional threshold.

**C.    Analysis**

Defendants support their position that the amount in controversy exceeds $75,000 by submitting to the Court the allegations in the Petition, Plaintiffs' responses to Interrogatories, and Plaintiffs' treating physicians' medical assessments.[36]

First, Defendants assert that Erica Butler has incurred $6,691.63 in medical bills as a result of the accident.[37] They further note that these expenses do not include all bills from the two doctors

---

[33] *Id.* at 1330; s*ee also Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 563 (5th Cir. 1993) (deciding individual personal injury claims may not be aggregated) *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas,* 145 F.3d 211 (5th Cir. 1998); *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 779–80 (5th Cir. 1963) (holding that plaintiffs in same automobile accident cannot aggregate their claims; rather each must individually satisfy jurisdictional amount for diversity jurisdiction).

[34] *Eagle Star Ins. Co.*, 313 F.2d at 779 n.3 ("Two or more plaintiffs injured in the same automobile accident have separate and distinct causes of action; even though they join their causes of action in a single suit, they cannot aggregate their claims to achieve the requisite jurisdictional amount.") (quoting *McCormick v. Labelle*, 189 F.Supp. 453, 454 (D.Conn. 1960))

[35] *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959) ("When a father sues in his own behalf and in behalf of his minor child each claim, the claim of the father and the claim of the child, must satisfy the requirement of jurisdictional amount.").

[36] Rec. Doc. 1-2.

[37] *Id.* at p. 26.

6

who continue to treat her.[38] As an exhibit to their Notice of Removal, Defendants include records

from Dr. Bartholomew.[39] In these records, Dr. Bartholomew acknowledges Ms. Butler's continuing

back and neck pain.[40] He advises that Ms. Butler does not require "any open type of surgery," but

if neck and back pain persist, she  may be a candidate for "facet blocks in both cervical and lumbar

spine."[41] Dr. Bartholomew recommends that Ms. Butler continue treatment with her chiropractor.[42]

Defendants do not estimate the cost of Ms. Butler's on-going treatment or the cost of potential future

treatment. Looking at the complaint, the Court observes that Ms. Butler alleges that she has lost

income as a result of the accident.[43] However, the record does not indicate how much time she has

lost from work or her hourly wage.

Second, Defendants contend that Samuel Loftin has incurred $5,919.14 in medical bills as

a result of the accident.[44] Further, Defendants state that these expenses do not include bills from two

doctors who continue to treat him.[45] As an exhibit to their Notice of Removal, Defendants include

medical records from Dr. Bartholomew.[46] In these records, Dr. Bartholomew acknowledges Mr.

---

[38] Rec. Doc. 1 at p. 6.

[39] Rec. Doc. 1-2 at pp. 29–30.

[40] *Id.* at p. 30.

[41] *Id.*

[42] *Id.*

[43] Rec. Doc. 1-2 at p. 7.

[44] *Id.* at p. 23.

[45] Rec. Doc. 1 at p. 5.

[46] Rec. Doc. 1-2 at pp. 36–42.

Loftin's continuing lower back and neck pain.[47] He recommends that Mr. Loftin continue treatment with his chiropractor and indicates that Mr. Loftin may be a candidate for facet joint injections.[48] Defendants do not estimate the cost of Mr. Loftin's on-going treatment or the cost of potential future treatment. Looking at the record, the Court notes that Mr. Loftin alleges he has missed time from work to attend medical appointments, resulting in lost income.[49] The record indicates that Mr. Loftin earns $12.80 an hour, but does not indicate how much work he has missed.[50]

Third, Defendants state that Ms. Butler alleges damages on behalf of her two minor children, Sheryl Butler and Chase Manuel.[51] The record indicates that Plaintiff Sheryl Butler was taken to the emergency room following the accident and has incurred an ambulance bill in the amount of $1,235.62.[52] Defendants state that they do not have any bills from Sheryl Butler's treating physician.[53] According to records attached to the Notice of Removal, Sheryl Butler is treating with Dr. Johnston.[54] Dr. Johnston acknowledges her complaints of right knee, lower back, and neck pain, and recommends that she take over-the-counter pain medication as needed.[55] With respect to Chase

---

[47] Rec. Doc. 1-2 at p. 41.

[48] *Id.* at p. 42.

[49] *Id.* at p. 24.

[50] *Id.*

[51] Rec. Doc. 1 at p. 6.

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.*

Manuel, the record indicates that Chase was taken to the emergency room following the accident.[56] He received a "well-child exam" at that time, and his known medical expenses to date are $1,455.63.[57]

Fourth, the Court notes that Plaintiffs claim property damage to a 2006 Dodge Stratus.[58] However, neither the Petition nor the materials submitted by the Defendants indicate who owns the car or the extent of damage.

Finally, Defendants assert that Plaintiffs have been unwilling to stipulate that the amount in controversy does not exceed $75,000.[59] However, a failure to stipulate is not conclusive evidence that the jurisdictional amount is satisfied.[60]

As discussed above, in order for the Court to exercise jurisdiction, each plaintiff must allege damages that exceed the dollar requirement of 28 U.S.C. § 1332.[61] In this case, Erica Butler, Samuel Loftin, Sheryl Butler, and Chase Manuel have all incurred medical expenses.[62] However, each Plaintiff's medical expenses to date are below the $75,000 threshold as the expenses are $6,691.63,

---

[56] *Id.*

[57] *Id.*

[58] Rec. Doc. 1-2 at p. 7.

[59] *Id.* at p. 1.

[60] *See, e.g., Carbajal v. Caskids Oil Operating Co.*, 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006) (Africk, J.) ("[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand."); *Buchana v. Wal-Mart Stores, Inc.*, 99-2783, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999) (Vance, J.) ("Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that that factor alone does not satisfy a defendant's burden.").

[61] *Allen*, 63 F.3d at 1330.

[62] Rec. Doc. 1 at pp. 5–6.

$5.919.14, $1,455.63 and $1,235.62 respectively.[63] Additionally, while the record includes three of the Plaintiff's medical diagnose and recommendations for future treatment, the record is devoid of any information regarding the anticipated costs of these treatments.[64] Although the Fifth Circuit has indicated that future medical expenses are relevant to the amount-in-controversy analysis,[65] the future treatments suggested by Plaintiffs' physicians are only possibilities.[66] Defendants provide no information regarding the likelihood that any Plaintiff will undergo these possible procedures.

Further, while Plaintiffs Erica Butler and Samuel Loftin allege loss of income as a result of the accident, Defendants do not set forth facts to support how much income each plaintiff has lost. Moreover, Defendants fail to set forth facts in support of the damage to the 2006 Dodge Stratus. Additionally, while Plaintiffs seek damages for pain and suffering, loss of enjoyment of life, and future loss of society,[67] these categories of damages are inherently speculative and difficult to quantify. While these categories could potentially bring the amount in controversy over $75,000 per plaintiff, Defendants must meet a more likely than not standard, not a possibility standard.[68] Accordingly, Defendants have failed to show that these damages would more likely than not meet the jurisdictional threshold.

---

[63] *Id.*

[64] Rec. Doc. 1-2 at pp. 23–45.

[65] *See Robinson v. Wal-Mart Stores Texas, L.LC.,* — F. App'x —, 2014 WL 1379180, *1 n.2 (5th Cir. Apr. 9, 2014) (per curiam) (noting that plaintiff's "future medical expenses are relevant to calculating the amount in controversy").

[66] *Id.*

[67] Rec. Doc. 1-2 at p. 7.

[68] *See Allen*, 63 F.3d at 1336.

10

### III. Conclusion

Federal courts are courts of limited jurisdiction, and thus "removal statute[s] should be strictly construed in favor of remand."[69] In this case, Defendants have the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 for each plaintiff.[70] Defendants can only substantiate Plaintiffs Erica Butler's, Samuel Loftin's, Chase Manuel's and Sheryl Butler's respective medical expenses of $6,691.63, $5,919.14, $1,455.63 and $1,235.62, and Defendants may not aggregate Plaintiffs' claims to satisfy the $75,000 threshold for diversity jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to state court.

**NEW ORLEANS, LOUISIANA**, this  7th  day of August, 2014.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[69] *Manguno*, 276 F.3d at 723.

[70] *Gebbia*, 233 F.3d at 882; *Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.